## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

PATRICIA LOHMEYER,

        Plaintiff,

vs.

UNUM PROVIDENT CORPORATION,
a/k/a UNUM LIFE INSURANCE
COMPANY OF AMERICA, JOHN DOES
(1-10), ABC COMPANIES (1-10) (said
names unknown.),

        Defendant(s).

CIVIL ACTION

CIVIL ACTION NO.: 04cv2666

COMPLAINT AND JURY DEMAND

Plaintiff, PATRICIA LOHMEYER, by way of Complaint against the Defendants, UNUM PROVIDENT CORPORATION, a/k/a UNUM LIFE INSURANCE COMPANY OF AMERICA, JOHN DOES (1-10), ABC COMPANIES (1-10) (said names unknown), alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA), and in particular, 29 U.S.C. §1332(e)(1) and §1332(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance policy, issued and provided by UNUM Provident Corporation, to Patricia Lohmeyer. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefits denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the District Court of New Jersey. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## NATURE OF ACTION

4. This is a claim seeking an award to plaintiff of disability income benefits pursuant to an employee welfare benefit plan ("Plan") providing group long term disability benefits under a policy of insurance issued by UNUM Provident Corporation. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

## THE PARTIES

5. Plaintiff PATRICIA LOHMEYER ("Plaintiff") is a resident of the township of Bordentown, Burlington County, New Jersey, located in the District of New Jersey.

6. Defendants UNUM PROVIDENT CORPORATION, a/k/a UNUM LIFE INSURANCE COMPANY OF AMERICA, JOHN DOES (1-10), ABC COMPANIES (1-10) (said names unknown), is designated as the Insurer and Claims Administrator for plaintiff, Patricia Lohmeyer. All Defendants are at all times relevant hereto doing business within the District of New Jersey.

## STATEMENT OF FACTS

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

8.  Plaintiff was a full time employee as an office assistant at Princeton University from 1989 to December 31, 2002, when she ceased working due to medical conditions including: depression, fatigue, sleep disturbance, Narcolepsy, Adult Attention Deficit Disorder, Chronic Fatigue Syndrome, and all symptoms related to Chronic Fatigue Syndrome. The Center for Disease Control definition for Chronic Fatigue Syndrome is set forth as follows: "the hallmark of Chronic Fatigue Syndrome is the presence of clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset (i.e., has not been lifelong), cannot be explained by another physical or mental disorder, is not the result of ongoing exertion, is not substantially alleviated by rest, and results in substantial reduction in previous levels of occupational, education, social, or personal activities. Additionally, the current Center for Disease Control definition of Chronic Fatigue Syndrome requires the concurrence of four or more of the following symptoms, all of which must have persisted or occurred during six or more consecutive months of illness and must not have predated the fatigue: self-reported impairment in short-term memory or concentration severe enough to cause substantial reduction in previous levels of occupational, education, social, or personal activities; sore throat; tender cervical or axillary lymph nodes; muscle pain; multi-joint pain without joint swelling or redness; headaches of a new type, pattern, or severity; unrefreshing sleep; and postexertional malaise lasting more than 24 hours".

9.  Subsequent to ceasing her employment, Plaintiff made a claim for benefits under the Plan seeking disability benefits. Disability of Plan definition as follows: "you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury. After 24 months of payments, you are disabled when UNUM

determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience".

10. Since May 10, 1999, through the present time, Plaintiff has been eligible for sickness disability pay as such is defined in the Plan.

11. On or about August 18, 1999, plaintiff received correspondence from defendant, UNUM Provident Corporation stating "we are approving benefits at this time". However, nowhere in this letter did it state that benefits were being awarded solely on the basis of a psychiatric condition. Plaintiff, Patricia Lohmeyer was not given any reason to believe that her symptoms, related to Chronic Fatigue Syndrome, were given little or no consideration by UNUM Provident Corporation for disability benefits.

12. In or about March of 2000, defendant, UNUM Provident Corporation requested upon plaintiff additional medical information to support her claim for Long Term Disability benefits. In response, in or about March of 2000, plaintiff submitted to defendant, UNUM Provident Corporation additional medical records supporting plaintiff's claim for disability benefits.

13. On or about April 12, 2001, plaintiff received correspondence from defendant, UNUM Providence Corporation stating their belief that her condition might no longer meet the Plan's definition of Disability and that until a final determination was made her benefit payments would continue to be paid, but under a reservation of rights. Again, it was not mentioned that the basis for eligibility was limited to a psychiatric condition.

14. On or about January 28, 2002, plaintiff received correspondence from defendant, UNUM Provident Corporation stating that they paid benefits to plaintiff solely on the basis of

depression. Defendant, UNUM Providence Corporation stated that they never accepted the diagnosis of Chronic Fatigue Syndrome. At the same time, defendant, UNUM Provident Corporation is now impeaching the validity of the diagnosis of depression.

15. Plaintiff's claim for disability benefits was terminated by Defendant UNUM Provident Corporation in a letter dated September 16, 2002.

16. Subsequently, on or about June 17, 2003, Plaintiff submitted an administrative appeal of the denial of her disability claim in accordance with 29 U.S.C. §1133.

17. In response to Plaintiff's appeal, by letter dated October 6, 2003, defendant UNUM Provident Corporation stated that they continue to uphold their original decision for termination of plaintiff's benefits.

18. On or about November 20, 2003, Plaintiff submitted an appeal to defendant UNUM Provident Corporation and supplied additional medical records supporting plaintiff's claim for disability benefits.

19. On or about December 24, 2003, Plaintiff received correspondence from defendant, UNUM Provident Corporation stating the decision that denied ongoing liability on plaintiff's claim remains appropriate. As a result, all administrative remedies have been exhausted and this matter is ripe for judicial review.

20. The determination by defendant, UNUM Provident Corporation, that Plaintiff's medical documentation does not support an impairment of such severity as to preclude her ability to perform the essential functions of her occupation is contrary to the definition as described in the Plan and has no rational support in the evidence.

21. The aforementioned actions of defendant UNUM Provident Corporation in its handling and determination of Plaintiff's claim were arbitrary and capricious.

22.   As a direct and proximate result thereof, based on the evidence submitted to defendant UNUM Provident Corporation establishing that Plaintiff has met the Plan definition of eligibility for sickness disability pay continuously since May 10, 1999, Plaintiff is entitled to payment of her monthly disability insurance payments retroactive to 180 days from the date of her disability; and such benefits must be continued until Plaintiff recovers from her disability, death, or to age 65, whichever comes first.

**WHEREFORE**, Plaintiff prays for the following relief:

A.   That the Court enter judgment in Plaintiff's favor and against the Defendants and that the Court orders the Defendants to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled;

B.   That the Court orders the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.   That the Court order Defendants to continue paying Plaintiff's benefits until such time as she meets the policy conditions for discontinuance of benefits;

D.   That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g); and

E.   That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

## JURY DEMAND

A jury is hereby demanded when appropriate and allowed by law.

                                    Respectfully submitted,
                                    LABADY AND RANDOLPH, L.L.C.
                                    Attorneys for Plaintiff, PATRICIA LOHMEYER

                              By: _____
                                 JEAN-CLAUDE G. LABADY, ESQ. (JCL0487)

Dated: May 26, 2004

7